**J. Edgar STEVENS, Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Defendant.**

**Civ. A. No. 2180.**

United States District Court
S. D. Mississippi, Jackson Division.

Dec. 29, 1955.

Ross R. Barnett of Barnett, Jones & Montgomery, Jackson, Miss., F. D. Hewitt, McComb, Miss., A. A. Cohn, of Cohn, Hobbs & Hobbs, Brookhaven, Miss., for plaintiff.

J. L. Byrd, Byrd, Wise & Smith, Jackson, Miss., for defendant.

THOMAS, District Judge.

On the 8th day of May, 1954, the plaintiff, J. Edgar Stevens, filed his bill in the Chancery Court of Pike County, Mississippi, seeking to reform the memorandum which accompanied a voucher for $21,000, payable to the said J. Edgar Stevens. The portion sought to be eliminated therefrom was the provision that "the said Stevens, by the acceptance of

this settlement, hereby severs any and all employee relationship with said Company."

The case was duly removed to the United States District Court at Jackson, Mississippi, and answer was filed by the defendant Railroad Company, denying the material allegations of the bill of complaint and denying that there was any mutual mistake. The case was heard at Jackson on October 5, 1955, on oral and documentary evidence, and the Court took the said cause under advisement for decision after the filing of briefs on or before November 15, 1955.

The Court finds that J. Edgar Stevens was employed by the Illinois Central Railroad Company in its McComb, Mississippi, Shops on December 7, 1945. At said time and place he received injuries which he alleged were the proximate result of negligence on the part of the Railroad Company and rendered him totally and permanently disabled. Suit was filed and the case was tried in the United States District Court at Jackson, Mississippi, on August 28, 1950. The jury returned a verdict in favor of the plaintiff in the sum of $25,000 and costs.

After said judgment was returned, the Railroad Company filed a motion for a new trial and for a judgment notwithstanding the verdict, both of which motions were overruled. Thereafter the said Railroad Company gave notice of appeal to the Circuit Court of Appeals for the Fifth Circuit.

During the process of perfecting said appeal, negotiations were entered into by and between the attorney representing the Railroad Company and one of the attorneys for the plaintiff, undertaking to settle said judgment. After much negotiation, the Railroad Company agreed to pay $21,000 in settlement of the said judgment, and as a condition thereof that the said Stevens would sever any and all employee relationship which he had with the defendant.

. The settlement made as aforesaid was consummated in September 1950, and the voucher, which is made an exhibit to the testimony in this case, was delivered to one of the attorneys for J. Edgar Stevens, and the said voucher had attached to it when it was so delivered, a memorandum designated "statement of account," which statement of account recited the recovery of the judgment and the agreement of Stevens to sever his employee relationship with the Illinois Central Railroad Company, and said voucher contained on its back the following statement: "This draft is indorsed as an acknowledgment of the receipt of full payment of account as stated in memorandum which accompanied this draft." The said voucher or draft was endorsed by the plaintiff and by each of his three attorneys.

During the early part of 1954, Stevens presented himself for work in the Shops of the Illinois Central Railroad Company, at McComb, Mississippi, but was informed that he had no employee relationship and could not be employed. In May 1954, this suit was instituted.

The complainant alleges that the provisions relinquishing the employee status with the Railroad Company were in said voucher or release by mistake and that the plaintiff signed the release due to a mutual misunderstanding on the part of himself and the defendant and that said release does not represent the true contract of the parties.

The Court finds that there was no mutual mistake between the parties in the making of said settlement and in the provision for the separation of Stevens from his employee relationship with the Illinois Central Railroad Company.

The Court further finds that, although plaintiff asserts that he did not see the memorandum which accompanied the voucher or draft, he made no inquiry as to what the memorandum was as referred to on the back of the draft—just above the Stevens endorsement of the draft. The proof is undisputed but that at the time the draft was delivered to one of the attorneys for the plaintiff, the memorandum was attached to said draft, the terms of which memorandum were thoroughly understood and agreed upon between counsel; the details of closing

from that point on were handled with plaintiff entirely by plaintiff's counsel.

### Conclusions of Law

 The burden of proof is upon a plaintiff seeking to reform an instrument on account of alleged mistake, and any alleged mistake must have been a mutual mistake and not the result of inattention on the part of the person seeking reformation.

The Court finds that as a matter of law the plaintiff has failed to sustain the allegations of his bill and that he is not entitled to the relief prayed for, or any relief under said bill.